[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12905
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03059-SCJ


GREGORY F. ROHDE,

                                        Plaintiff - Appellant,

                        versus

BANK OF AMERICA, N.A.,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 3, 2015)

Before MARCUS, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Gregory F. Rohde appeals the district court's denial of his motion for leave to file an amended complaint.[1]  Rohde filed an initial and first amended complaint against Appellee Bank of America, N.A. (BANA) alleging BANA wrongfully foreclosed on his home.  BANA moved to dismiss Rohde's first amended complaint because a subsequent Georgia Supreme Court decision rendered Rohde's arguments nonviable.  Rohde agreed Georgia law no longer supported the wrongful foreclosure claim as pleaded in his first amended complaint.  Rohde moved, however, for leave to amend his first amended complaint to assert a new reason why the foreclosure was wrongful.  The district court concluded Rohde's proposed amendments were futile and denied the motion for leave to file a second amended complaint.  We affirm.[2]

A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a

---

[1] In his notice of appeal, Rohde also sought review of the district court's order granting the defendant's motion to dismiss the first amended complaint.  Rohde did not argue the district court erred by dismissing the first amended complaint in his initial brief, and he has therefore abandoned the issue.  *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.").

[2] When the district court denies a motion for leave to amend because the amendment would be futile, we review the denial de novo.  *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006).

motion to dismiss, we must accept as true all facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We need not, however, accept as true the complaint's legal conclusions. *Id.*

Rohde's proposed amended complaint alleges BANA's foreclosure was wrongful because the foreclosure notice BANA sent to him did not comply with Georgia's notice requirements. Under Georgia law, a foreclosure notice "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a).

Rohde's proposed amended complaint does not support a plausible claim that BANA's foreclosure notice was deficient. Rohde alleges the foreclosure notice falsely stated BANA was the entity with "full authority to negotiate, amend and modify all terms of the mortgage" when, in fact, the "true entity" with this panoply of authority was some other unidentified, undisclosed owner or investor. These are just legal conclusions reciting the statutory notice requirements. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Rohde's complaint does not allege facts identifying the unknown owner or point to any specific contracts, rules, or communications with BANA supporting Rohde's theory that BANA possessed only limited authority to modify the terms of his mortgage.

3

Without more, Rohde's proposed amended complaint cannot survive a motion to dismiss. Therefore, the district court did not err by denying as futile Rohde's motion for leave to amend his first amended complaint.

**AFFIRMED**.